**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

December 20, 2021

Philip A. Rovner, Esquire
Jonathan A. Choa, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

Kelly E. Farnan, Esquire
Blake Rohrbacher, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

Re: *Continental Automotive Systems, Inc. v. Nokia Corporation*
C.A. No. 2021-0066-JRS

Dear Counsel:

I have reviewed your submissions regarding Defendants' Motion to Stay Discovery and For Protective Order (the "Motion"). For the reasons explained below, the Motion is granted.

Plaintiff, Continental Automotive Systems, Inc. ("Continental"), filed its Verified Complaint ("Complaint") in this Court on January 25, 2021. Continental seeks equitable relief to enforce its rights to license on fair, reasonable and non-discriminatory terms standard-essential patents held by Defendants, Nokia

Corporation, Nokia of America Corporation, Nokia Solutions and Networks OY, and Nokia Technologies OY (collectively "Nokia").

The litigation has not moved at a pace typical for litigation in this Court. Once served with the Complaint, Nokia sought and received an extension to respond and then removed the action to the United States District Court for the District of Delaware (the "District Court"). After contested litigation in the District Court, the action was remanded to this Court by Opinion and Order dated November 15, 2021. Nokia filed a motion to dismiss on November 29, 2021,[1] and then filed the Motion *sub judice* on December 3, 2021. The Motion seeks a stay of discovery and protection from pending discovery until the motion to dismiss is decided.

"Ordinarily, where a motion to dismiss is made a Court will direct that discovery be held in abeyance in the absence of a showing of a need that the discovery continue because it is always desirable to avoid the cost and inconvenience of unnecessary discovery."[2] The burden placed on the party seeking a stay of

---

[1] The motion to dismiss was originally filed and fully briefed in the District Court.

[2] *Weinberger v. Amstar Corp.*, 1984 WL 19474, at *1 (Del. Ch. Jan. 16, 1984); *see also AM Gen. Hldgs. LLC v. Renco Gp., Inc.*, 2013 WL 1668627, at *4 (Del. Ch. Apr. 18, 2013) ("When, as here, there is a pending motion to dismiss but no special circumstances warranting discovery at that time, a stay is frequently granted.").

discovery is to "show that there are practical reasons for staying discovery, but those reasons need not rise to a level of unusual or difficult circumstances."[3] That minimal burden "is often easily met" and "avoiding unnecessary discovery is usually sufficient justification for a stay of discovery pending resolution of a potentially dispositive motion."[4] Indeed, "absent special circumstances, discovery will be stayed pending determination of a motion to dismiss the complaint where the ground for the motion offers a reasonable expectation that if the motion is granted litigation in this or another forum will be avoided."[5]

Continental opposes the Motion principally on the grounds that the case has been delayed long enough thanks to Nokia's tactics and the motion to dismiss is not likely to succeed. Continental's frustration is understandable. Nokia's ill-fated removal bid has taken roughly eight months off the litigation clock. Nevertheless, there is pending a fully briefed motion to dismiss that, if granted, will end the

---

[3] *Skubik v. New Castle Cty.*, 1998 WL 118199, at *2 (Del. Ch. Mar. 5, 1998).

[4] *In re KKR Fin. Hldgs. LLC S'holder Litig.*, 2014 WL 2090527, at *1 (Del. Ch. May 19, 2014) (quotations omitted): *see also TravelCenters of Am. LLC v. Brog*, 2008 WL 5101619, at *1 (Del. Ch. Nov. 21, 2008) (same).

[5] *In re McCrory Parent Corp.*, 1991 WL 137145, at *1 (Del. Ch. July 3, 1991).

litigation.[6]  The litigation is not expedited—another factor weighing in favor of a temporary stay of discovery.[7]  With these facts in mind, on balance, I am satisfied that "the costs and hardship to defendants if discovery were to proceed [outweighs] plaintiffs' need for discovery and the risks to plaintiffs if a stay were granted."[8]

Based on the foregoing, the Motion is GRANTED.  Discovery in this action shall be stayed pending resolution of Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[6] In this regard, I disagree with Continental that the motion to dismiss is not likely to end the litigation if successful.  The motion addresses threshold jurisdictional and standing issues and it presents arguments that the claims asserted in the Complaint are not well pled. Any or all of these defenses, if successful, would be case dispositive.  Now is not the time to weigh in on the merits.  The question presented here is simply whether a temporary stay discovery should be ordered as a matter of discretionary case management.  In my view, based on our settled precedent, the answer is yes.

[7] *See Ohrstrom v. Harris Tr. Co. of N.Y.*, 1997 WL 666977, at *2 (Del. Ch. Oct. 20, 1997) (finding that a brief stay of discovery pending resolution of dispositive motion would cause no prejudice to plaintiff given that there was not a "pending application for emergency relief"), *vacated on other grounds by* 1998 WL 13859 (Del. Ch. Jan. 9, 1998).

[8] *Id.*